UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAO SHENG LIU,<br><br>    Plaintiff,<br><br>    v.<br><br>DASHIELL SHAPIRO,<br><br>    Defendant. | Case No. 22-cv-04616-RS<br><br>**ORDER DENYING MOTION TO DISMISS** |

## I.  INTRODUCTION

Plaintiff Xiao Sheng Liu, aka Vincent Yap, alleges defendant "John Doe" stole the internet domain name 717.com from him, and that defendant Dashiell Shapiro subsequently purchased it through a domain name broker. "John Doe" has not yet been served. Shapiro moves to dismiss, arguing the complaint advances no viable claim against him because he is a bona fide purchaser for value. Pursuant to Civil Local Rule 7-1(b), the motion has previously been submitted without oral argument. The motion will be denied.

## II. BACKGROUND

The complaint alleges Yap is in the business of purchasing and selling domain names for profit. He acquired the 717.com name in early 2018 for 3.1 Million RMB—the equivalent of nearly US$ 460,000. Yap stored records of the domain name in his registrar account, which he maintained on a password-protected computer system. He did not permit third parties to access the

registrar account.

At some point prior to March of 2021, Doe "hijacked control" of the registrar account and used it to transfer ownership of 717.com to himself. Yap contends that because 717.com is a "three-number" domain name, it is extremely valuable and currently would be worth well over $500,000 on the open market.

On March 18, 2021, Shapiro purchased 717.com through a domain name broker for $101,000. Shapiro is a tax lawyer and former trial attorney with the U.S. Department of Justice. Shapiro regularly buys and sells internet domain names. Yap contends Shapiro is "highly sophisticated about the domain-name market and the sale and purchase of domain names."

Yap insists Shapiro knew or should have known that the putative seller of 717.com lacked good title. In support of that contention, Yap points to various circumstances, including the sales price (which he contends was substantially below market value), the timing of the sale shortly after its transfer, and the fact that the registration was anonymous.

The complaint includes numerous claims for relief asserted against Doe, which are not relevant here. Shapiro is named only in a claim for conversion, a claim for recission of the sale, and a claim for declaratory relief.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017).

## IV.  DISCUSSION

Shapiro premises his motion to dismiss on the familiar legal principle that "where one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it." *National Safe Deposit Saving & Trust Co. v. Hibbs*, 229 U.S. 391, 394 (1913). Shapiro suggests Yap did not exercise sufficient care to protect the domain name, and that perhaps it was his own employee's misfeasance that led to the loss. Shapiro then characterizes himself as a "purchaser for value," implying that he did not know, and had no reason to know, the domain name had been misappropriated.

None of these factual arguments are suitable for resolution on a motion to dismiss. Yap has alleged he took reasonable precautions to safeguard his registrar account. He has also alleged facts to support his contention that Shapiro knew or should have known the domain name had been stolen. Although Shapiro challenges the accuracy of some of those factual allegations, that merely shows why the matter cannot be decided at the pleading stage.[1]

---

[1] Shapiro asserts it is "curious" that Yap has not provided more explanation of his own employee's possible role, and has not more vigorously pursued Doe, especially after Shapiro provided the identity of the person who received the sales proceeds. Perhaps so, but whatever the explanation for Yap's litigation strategy may be, it has no bearing on whether the complaint states a claim against Shapiro.

Furthermore, even if the complaint had not sufficiently alleged that Shapiro had constructive notice the domain name was stolen, the conversion claim would still be viable. *See Regent All. Ltd. v. Rabizadeh,* 231 Cal. App. 4th 1177, 1181 (2014) ("Conversion is a strict liability tort. The foundation of the action rests neither in the knowledge nor the intent of the defendant. Instead, the tort consists in the breach of an absolute duty; the act of conversion itself is tortious. Therefore, questions of the defendant's good faith, lack of knowledge, and motive are ordinarily immaterial." (citation omitted)); *CRS Recovery, Inc. v. Laxton*, 600 F.3d 1138, 1142 (9th Cir. 2010) (explaining a bona fide purchaser defense is only available where the seller acquired the property by *fraud*, not theft. "The law distinguishes between a purchaser whose vendor obtained title by fraud and a purchaser whose vendor obtained title by theft, because an involuntary transfer results in a void title, whereas a voluntary transfer, even if fraudulent, renders the title merely voidable.").[2]

## V.  CONCLUSION

The motion to dismiss is denied. Shapiro shall answer the complaint within 20 days of the date of this order.

**IT IS SO ORDERED**.

Dated: November 14, 2022

_____
RICHARD SEEBORG
Chief United States District Judge

---

[2] It may be, as Shapiro contends, that Yap cannot pursue a claim for "recission" *per se* of the sale, given that he was not a party to the transaction. Even if the claim is therefore mislabeled, however, if Yap succeeds in proving the 717.com domain name was stolen from him, he would be entitled to have the sale set aside so that it could be returned to him.